**United States District Court**

**Eastern District of Texas**

**Lufkin Division**

| | |
|---|---|
| I.L., AN INDIVIDUAL,<br>Plaintiff,<br>against<br>G6 HOSPITALITY PROPERTY LLC<br>Defendant | CIVIL ACTION NO:<br>**COMPLAINT** |

COMES NOW the Plaintiff I.L., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by I.L. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.
2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the owner and operator of the subject premises and subject hotels, doing business as Motel 6, located at: (1) 195 E Tropicana Ave, Las Vegas, NV 89109 ("Tropicana Hotel"); (2) 5201 20th St E, Fife, WA 98424 ("Fife Hotel"); and (3) 20651 Military Road, SeaTac, WA 98198 ("SeaTac Hotel") (collectively, the "subject hotels"), during the relevant time periods set forth herein, and as such was responsible for the subject hotels during the time period Plaintiff was sex trafficked on said premises.
3. During the relevant time period alleged herein, Defendant was owner of each of the subject three premises listed above.

4. During the relevant time period alleged herein, Defendant was operator of each of the subject premises listed above.

5. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, or coercion by her trafficker to engage in commercial sex at Defendant's subject hotels from 2017 through and inclusive of 2023, during the time Defendant owned and operated the subject hotels.

6. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

**PARTIES**

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of the State of Washington.

9. Plaintiff was born in 1982.

10. At all times relevant and material, Defendant owned and operated hotels doing business as Motel 6 at the addresses set forth above in paragraph 2 and was authorized, licensed, and doing business in the States of Nevada and Washington offering the subject hotels as places of public lodging.

11. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

## JURISDICTION AND VENUE

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time periods for the subject properties, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking

policies, protocol, rules and guidelines for its subject properties where Plaintiff was sex trafficked.

**CAUSE OF ACTION**

**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

16. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.
17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's subject hotels where Plaintiff was trafficked for sex during the relevant time periods of Defendant's ownership. Specifically, Plaintiff was trafficked at the Tropicana Hotel from 2017 through and inclusive of 2018, and at the Fife Hotel and the SeaTac Hotel from 2018 through and inclusive of 2023.
18. Plaintiff was trafficked by a trafficker known to Plaintiff only by the initials "RC" at the subject hotels during the time that Plaintiff was trafficked there. Plaintiff's trafficker operated initially in Las Vegas, Nevada, and subsequently relocated his trafficking operation to the State of Washington. At the Tropicana Hotel, Plaintiff was at times trafficked together with another trafficking victim, Nicole. At the Fife Hotel and the SeaTac Hotel, Plaintiff was at times trafficked together with other trafficking victims known to her only as Deja and Maddie, whose full legal names are presently unknown to Plaintiff.
19. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotels, her trafficker used various means to do so including:
    a. Plaintiff's trafficker physically beat her, including beating her with a firearm, causing residual visible bruising; psychological coercion and manipulation;
    b. Providing and facilitating Plaintiff's access to controlled substances, including opiates and heroin, as a means of controlling and exploiting her; Plaintiff's

trafficker was himself a drug dealer who sold pills, heroin, and methamphetamine from the subject hotel premises;

c. Imposing a daily commercial sex quota of $1,500 to $2,000 on Plaintiff, which she was required to meet through commercial sex acts at the subject hotels;

d. Threats of harm and physical violence, including with the use of two firearms possessed by the trafficker;

e. Other means of force, fraud and coercion used by the trafficker.

20. Plaintiff meets the definition of sex trafficking victim as she was induced by force, fraud, or coercion by her trafficker to have sex with sex buyers at Defendant's subject hotels during the relevant time periods set forth herein.

21. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by the trafficker, at the direction of the trafficker. At the Tropicana Hotel, the trafficker routinely rented two to three rooms simultaneously: two rooms used for the commercial sex trafficking of Plaintiff and other victims, and one room used for drug dealing and the trafficker's personal use.

22. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotels that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

23. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotels by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA from 2017 through and inclusive of 2023.

24. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

25. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotels during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. Plaintiff was advertised by her trafficker online for sex which was to occur at the subject hotels, including on the online platforms Mega Personal and Skip the Games.

27. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

28. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

29. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

30. Defendant operating the subject hotels and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

31. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the subject hotels' premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

32. Defendant's repeated rental of rooms to Plaintiff's trafficker (or individuals renting at the direction of the trafficker), at the subject hotels, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotels, were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

33. A continuous business relationship existed between Defendant's hotels, their agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

34. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her

trafficker) that were used for sex trafficking, including as to the Plaintiff, from 2017 through and inclusive of 2023.

35. Defendant participated in a venture by operating the subject hotels that rented rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

36. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotels in violation of the TVPRA.

37. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

38. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's subject three hotels, including as to the Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

   a. Steady foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

   b. Plaintiff's trafficker regularly sold drugs, including pills, heroin, and methamphetamine, to individuals on and around the subject hotels' premises during the time Plaintiff was trafficked there;

   c. Plaintiff would, at times, walk the surrounding area of the subject hotels in sexually provocative and explicit clothing, with visible bruising, and visibly under the influence of controlled substances including opiates and heroin;

   d. Plaintiff would, at times, interact with Defendant's staff in sexually provocative and explicit clothing, with visible bruising, and visibly under the influence of controlled substances;

e. Inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) and used for sex with Plaintiff, there were suspicious items including condoms, condom wrappers, baby oil, needles, and drug paraphernalia, which were observed by housekeeping staff or should have been so observed;

f. Plaintiff's trafficker possessed two firearms on the subject premises during the time Plaintiff was trafficked there, which he used to physically coerce and beat Plaintiff;

g. At the Tropicana Hotel, Plaintiff's trafficker routinely rented two to three rooms simultaneously, with multiple rooms used for the sex trafficking of Plaintiff and other victims, which pattern was observable by or known to hotel staff;

h. Plaintiff was advertised online by her trafficker for commercial sex acts at the subject hotels on the online platforms Mega Personal and Skip the Games;

i. While on the subject premises, sex buyers parading to the rooms were sex trafficking was occurring stood out as very suspicious and did or should have drawn a high indicia of suspicion for sex trafficking occurring at the three subject premises;

j. Plaintiff had visible bruising on her body from physical abuse by her trafficker, including injuries from being beaten with a firearm, which was observable by Defendant's staff;

k. Plaintiff was at times trafficked at the subject hotels together with other trafficking victims, including Nicole at the Tropicana Hotel, and individuals known as Deja and Maddie at the Fife Hotel and the SeaTac Hotel, the presence of multiple apparent trafficking victims constituting a red flag observable by Defendant's staff;

l. Apparent signs of heroin and opiate use were present in the rented rooms, observable by housekeeping staff;

m. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotels.

39. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 38 above.

40. When being trafficked at the subject hotels from 2017 through and inclusive of 2023 during this Defendant's ownership, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

41. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual or by means of the staff wardrobe/nametag/hotel logo or by means of a staff member being in an employee restricted area.

42. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the subject hotels and suffering the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while

simultaneously being under the control and coercion of her trafficker, as well as all residual injuries suffered from PTSD.

43. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to:

a. guest visibly under the influence of drugs or alcohol;

b. guest creating a nuisance to the public;

c. guest believed to use a hotel room for unlawful purposes;

d. guest uses hotel amenities and premises for unlawful acts;

e. guest brings in extra unregistered guests;

f. guest's behavior reasonably disturbs other guests;

g. guest violates other rules set by the hotel; and

h. for other indicated reasons.

44. Plaintiff being sex trafficked at the subject hotels was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to the horror of being a victim of sex trafficking, as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, substance abuse, and PTSD, which in turn affects daily functioning.

45. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel properties, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotels in violation of the TVPRA.

46. As a consequence of being sex trafficked at the subject hotels, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the subject hotels in violation of 18 U.S.C. § 1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

All available compensatory damages for the described losses with respect to the above cause of action;

Past and future emotional distress;

Consequential and/or special damages;

All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

Physical pain and suffering;

Disgorgement of profits obtained through unjust enrichment;

Restitution;

All damages allowable under the TVPRA;

Reasonable and recoverable attorney's fees;

Punitive damages with respect to each cause of action;

Costs of this action; and

Pre-judgment and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: March 11, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis
Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff